**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| James Anthony Staples,           )<br>           Petitioner,           )<br>vs.           )<br>Anna Jacobs, *et al.*,           )<br>           Respondents.           )<br>_____) | CV-10-338-TUC-RCC (JCG)<br>**REPORT & RECOMMENDATION** |

Petitioner, James Anthony Staples, who is presently confined in the Santa Rita Unit of the Arizona State Prison Complex in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 12) and Petitioner's Reply. (Doc. 14.) Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the Arizona Court of Appeals, the facts giving rise to Petitioner's conviction are as follows:[1]

> Three men armed with handguns entered the home of Robert J. while he, his two children, and Arturo N. were present. The men forced Arturo and the two children into the bedroom and demanded money from Robert. During an ensuing physical altercation, one of the intruders shot Robert twice in the leg before he, Arturo, and the children managed to safely leave

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a state court shall be presumed to be correct."

> the residence.
> Police arrived during the incident and observed three men emerge from the house. Officers found [Petitioner] and his brother, Thomas Henry, hiding in backyards in the neighborhood and took them into custody. That night, Arturo identified [Petitioner] and Henry as two of their assailants. At trial, both Robert and Arturo identified [Petitioner] and Henry, who were tried together.

(Answer, Ex. A.) A jury found Petitioner guilty of two counts of aggravated assault, two counts of kidnaping, and one count each of attempted armed robbery, attempted aggravated robbery, and first-degree burglary. The trial court sentenced Petitioner to concurrent and consecutive prison terms totaling fifty-six years.

On April 30, 2007, Petitioner appealed his conviction, raising two claims on appeal: (1) the trial court abused its discretion by denying Petitioner's motion for continuance, and (2) the trial court improperly denied Petitioner's motion for a new trial. (Answer, Ex. B.) The Court of Appeals affirmed Petitioner's conviction and sentence. (Answer, Ex. A.) On March 18, 2008, the Arizona Supreme Court denied review. (Answer, Ex. C.)

On April 9, 2008, Petitioner initiated state court post-conviction proceedings by filing a Notice of Post-Conviction Relief. (Answer, Ex. D.) On December 8, 2008, Petitioner filed a petition for post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. ("Rule 32 Petition.") Petitioner's Rule 32 Petition presented three claims of ineffective assistance of trial counsel: (1) trial counsel failed to request a *Dessureault* hearing to test the reliability of Arturo's in-court identification; (2) trial counsel failed to move for severance, and (3) trial counsel failed to move for a continuance. On May 29, 2009, the trial court denied Petitioner's Rule 32 Petition. (Answer, Ex. F.) Petitioner filed a petition for review by the Arizona Court of Appeals, raising the same claims presented in his Rule 32 Petition. (Answer, Ex. G.) On November 18, 2009, the Court of Appeals granted review but denied relief. (*Id.*) Petitioner did not seek review by the Arizona Supreme Court. (Answer, Ex. H.)

On June 7, 2010, Petitioner filed the instant Petition, in which he presents five grounds for relief:

1. The trial court abused its discretion by denying Petitioner's motion for continuance;

2. The trial court improperly denied Petitioner's motion for a new trial;

3. Petitioner received ineffective assistance of counsel when trial counsel failed to request a *Dessureault* hearing to test the reliability of Arturo's in-court identification;

4. Petitioner received ineffective assistance of counsel when trial counsel failed to move for severance; and

5. Petitioner received ineffective assistance of counsel when trial counsel failed to move for a continuance.

## **DISCUSSION**

The Magistrate Judge recommends that the Petition be denied. Grounds 1 and 2 were not fairly presented as federal claims in the state court. Grounds 3, 4 and 5 are without merit.

**A.    Exhaustion**

**i.    Legal Standard**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455

U.S. at 519. A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### ii.    Grounds 1 and 2 were not fairly presented as federal claims in the state court.

Petitioner presented Grounds 1 and 2 on direct review. However, Petitioner failed to argue these grounds based on federal law. In Ground 1, Petitioner alleges that the trial court abused its discretion by denying Petitioner's motion for continuance. On direct review, Petitioner argued to the Court of Appeals that the denial of his motion for continuance was an abuse of discretion under state law. (Answer, Ex. B, pgs. 9-10.) In Ground 2, Petitioner alleges that the trial court improperly denied Petitioner's motion for a new trial. On direct review, Petitioner argued to the Court of Appeals that the denial of his motion for a new trial was an abuse of discretion under state law. (Answer, Ex. B, pgs. 12-14.)

To properly exhaust state remedies, the petitioner must "fairly present" his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his

4

constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Resolving whether a petitioner has fairly presented his claim to the state court is an intrinsically federal issue to be determined by the federal court. *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995); *Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994). Commenting on the importance of fair presentation, the United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Following *Duncan*, the Ninth Circuit has held that a state prisoner has not "fairly presented" (and thus has not exhausted) federal claims in state court unless he specifically indicated to that court that the claims were based on federal law. *See, e.g., Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury and ineffective assistance of counsel lacked specificity and explicitness required to present federal claim); *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000) (broad reference to "due process" insufficient to present federal claim); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").

In state court, Petitioner alleged facts which form the bases of Grounds 1 and 2 but presented those allegations in support of claims arising under state law. Petitioner failed to make any reference to the United States Constitution, a federal statute or a federal case. The state court was not alerted to a federal claim. Because Ground 1 and 2 were not fairly presented in state court, they remain unexhausted absent a showing of cause and prejudice or a fundamental miscarriage of justice.

    **iii.**    **Petitioner has not demonstrated cause and prejudice or made a colorable showing of actual innocence**.

A federal court may only grant review of a procedurally defaulted claim if petitioner

makes a showing of cause and prejudice, *Netherland*, 518 U.S. at 162, or a colorable showing of actual innocence amounting to a "fundamental miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992). To establish cause for a procedural default, a petitioner must show an external impediment which rendered Petitioner unable to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating that the error worked to his substantial disadvantage, infecting the entire trial with constitutional error. *Carrier*, 477 U.S. at 488. If petitioner cannot meet one of the requirements, it is unnecessary for federal courts to address the other requirement. *United States v. Frady*, 456 U.S. 152, 168 (1982). Petitioner may also be granted federal review if he can demonstrate a fundamental miscarriage of justice. A fundamental miscarriage of justice results when the petitioner can demonstrate that a constitutional error caused the conviction of one who is actually innocent. *Carrier*, 477 U.S. at 496.

Petitioner has not alleged cause and prejudice or actual innocence. Accordingly, Grounds 1 and 2 were not properly exhausted and the Court need not consider the merits of those claims.

### iv.    Exhausted claims

Petitioner properly exhausted Grounds 3, 4 and 5 by fairly presenting them in his Rule 32 Petition and in his petition for review by the Arizona Court of Appeals of the trial court's denial of his Rule 32 Petition. Accordingly, the Court will consider the merits of these claims.

## B.    Merits

### i.    Legal Standard

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record. *Wainwright v. Witt*, 469 U.S. 412, 426 (1985). The presumption of correctness also applies to a state appellate court's findings of fact. *Sumner v. Mata*, 449 U.S. 539, 546 (1981). The question presented in a state prisoner's petition for a writ of habeas corpus is "whether the state proceedings satisfied due process."

6

*Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

Federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *Reed v. Farley*, 512 U.S. 339 (1994). General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Bonin*, 77 F.3d at 1158. The Supreme Court has held in the habeas context that "this Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case and pose special burdens. *Chein v. Shumsky,* 373 F.3d 978, 983 (9th Cir.2004) (en banc). Under AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle" from a Supreme Court decision "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In considering whether a state court has unreasonably applied Supreme Court precedent, "a

7

federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *Bell v. Cone,* 535 U.S. 685, 694 (2002). In conducting habeas review, we "presum[e] that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002).

### ii.     Grounds 3, 4 and 5

In Grounds 3, 4 and 5, Petitioner contends that he was denied effective assistance of trial counsel. When applying the AEDPA and reviewing whether a state court decision is contrary to federal law, this court must look to the state's last reasoned decision as the basis for its judgment. *See Avila v. Galaza*, 297 F.3d 911, 918 & n. 6 (9th Cir. 2002). In the present case, the Court of Appeals denied Petitioner's petition for review for the reasons stated in the trial court's minute entry denying Petitioner's Rule 32 Petition. (Answer, Ex. G, pg. 5.) Thus, this Court must consider whether the trial court's May 29, 2009 decision involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The trial court applied the correct federal law, relying on *Strickland v. Washington*, 466 U.S. 668, 687 (1984), clearly established precedent regarding claims for ineffective assistance of counsel. (Answer, Ex. F, pg. 2.) Pursuant to the Sixth Amendment of the United States Constitution, a criminal defendant has a right to "effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The *Strickland* standard for ineffective assistance of counsel has two components. A defendant must first demonstrate that counsel's performance was deficient, *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. 466 U.S. at 687. It requires the defendant to show that counsel's conduct "fell below an objective standard of reasonableness." 466 U.S. at 687-688. Second, a defendant must show that the mistakes made were "prejudicial

to the defense," that is, the mistakes created a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless Movant can show otherwise. *Id.* at 689-90.

The trial court reasonably applied *Strickland* to the facts of Petitioner's case. In Ground 3, Petitioner contends that he received ineffective assistance of counsel when trial counsel failed to request a *Dessureault* hearing to test the reliability of Arturo N.'s in-court identification. *State v. Dessureault*, 453 P.2d 951 (Ariz. 1969) and its progeny set forth the factors to be applied in determining whether an in-court identification is based on an unduly suggestive or tainted out-of-court identification such that the in-court identification is inadmissible. The trial court applied the *Dessureault* factors and concluded that the in-court identification of Petitioner was reliable. The trial court therefore concluded that trial counsel was not ineffective for failing to request a *Dessureault* hearing, because the motion would have been meritless. The trial court further noted that, even if Arturo N.'s in-court identification had been found inadmissible, Petitioner was also identified in court by Robert J., who also knew Petitioner through family members prior to the home invasion. In addition, police testified that they observed Petitioner outside the victims' residence immediately following the 911 call and shortly thereafter apprehended them in a nearby yard. Accordingly, Petitioner would not have been prejudiced by Arturo N.'s in-court identification, even if it were not reliable.

The Magistrate agrees with the trial court's conclusion. All of the arguments Petitioner makes with respect to Ground 3 are related to the alleged tainting of Arturo N.'s out-of-court identification of Petitioner. Even if Arturo N.'s out-of-court identification of Petitioner was unduly suggestive, Petitioner has failed to demonstrate that "but for" trial counsel's alleged error in failing to request a *Dessureault* hearing, the result of the proceeding would have been different. There was significant other evidence of Petitioner's guilt presented a trial; Robert J. and police officers also identified Petitioner as one of the assailants. In addition, Petitioner's trial counsel attacked the credibility of Arturo N.'s out-

9

of-court identification of Petitioner on cross-examination and in closing arguments. (Answer, Ex. I, pgs. 115-130; Ex. J, pgs. 37-42.) Petitioner has failed to demonstrate prejudice as required by *Strickland*.

In Ground 4, Petitioner claims that he received ineffective assistance of counsel when trial counsel failed to move for severance on the ground that Petitioner wished to claim that he was merely a bystander to the shooting. However, Petitioner's co-defendant filed a motion to sever arguing that he was a bystander to this event and that he would contend at trial that Petitioner was responsible for any criminal activity. That motion was denied. (Answer, Ex. E, pg. 4.) Accordingly, it appears that it would have been futile for Petitioner's counsel to join in the co-defendant's motion to sever or to file a motion to sever on Petitioner's behalf. In fact, under Arizona law, a defendant is entitled to severance based on antagonistic defenses only if he can demonstrate that his defense and the defense of his co-defendant are mutually exclusive, *ie*. that in order to believe the core of evidence offered on behalf of one defendant, the jury must disbelieve the core of evidence offered on behalf of the co-defendant. *See State v. Cruz*, 672 P.2d 470, 473-74 (Ariz. 1983). The desire of each co-defendant to avoid conviction by placing the blame on the other does not require severance. *Id*. at 473. In the present case, three armed men were involved in the attack. Petitioner and his co-defendant could both argue that they were innocent bystanders without the jury being required to disbelieve the core of evidence offered on behalf of either defendant. Because a motion to sever would have been futile, Petitioner's trial counsel was not deficient in failing to file one. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (failure to take futile action can never be deficient performance).

In Ground 5, Petitioner contends that he received ineffective assistance of counsel when trial counsel failed to move for a continuance. The trial court denied this claim, noting that trial counsel did move for a continuance on the day of trial and the request was denied. The Magistrate agrees that Petitioner has failed to demonstrate that his trial counsel's actions were deficient. Trial counsel was appointed (replacing counsel that withdrew) three weeks before trial. Petitioner contends generally that three weeks was an insufficient amount of

time for his trial counsel to prepare for trial, but does not identify any action that Petitioner's trial counsel could have taken, had he been granted more time to prepare, which would have achieved a different outcome in Petitioner's case. When trial counsel received last-minute disclosure of potentially-exculpatory evidence on the day of trial, he did move for a continuance; trial counsel's actions indicate that trial counsel was capable of assessing whether he needed more time to prepare for trial and was diligent about requesting additional time when it appeared necessary. Petitioner has not presented any evidence suggesting that there was any legal basis for a continuance prior to the day of trial, when a continuance was requested. Accordingly, the Court concludes that Ground 5 is without merit.

## CONCLUSION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-10-338-TUC-RCC**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 3rd day of December, 2010.

_____
Jennifer C. Guerin
United States Magistrate Judge