IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Anthony Staples,<br><br>    Petitioner,<br><br>vs.<br><br>Anna Jacobs, et al.,<br><br>    Respondents. | No. CV 10-338-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Petitioner James Anthony Staples' Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (Doc. 1) and Magistrate Judge Jennifer C. Guerin's Report and Recommendation. (Doc. 17). After reviewing the record, the Court accepts the R&R and denies Petitioner's Petition for Writ of Habeas Corpus.

**I.     BACKGROUND**

On June 7, 2010, Petitioner filed a petition seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondents filed an Answer on October 12, 2010. (Doc. 12). Magistrate Judge Jennifer C. Guerin filed a Report and Recommendation ("R&R") on December 3, 2010 recommending that Petitioner's habeas petition be denied in full. (Doc. 17). On February 14, 2011, Petitioner filed his objections to the R&R. (Doc. 26).

The state level factual and procedural background in this case is thoroughly detailed

in the "Factual and Procedural Background" of Magistrate Judge Guerin's R&R. This Court fully incorporates by reference the Factual and Procedural Background of the R&R into this Order.

## II. STANDARD OF REVIEW

A district court must review the legal analysis in a Magistrate Judge's Report and Recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). In addition, a district court must review the factual analysis in the Report and Recommendation *de novo* for those facts to which objections are filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." *Jones v. Wood*, 207 F.3d 557, 562 n. 2 (9th Cir.2000).

## III. EXHAUSTION AND PROCEDURAL DEFAULT

Under 28 U.S.C. § 2254(b)(1) a federal court can only consider a petitioner's writ of habeas corpus after the petitioner exhausts all available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). To properly exhaust state remedies, the petitioner must give each state court the opportunity to rule upon the merits of his claims in a procedurally appropriate manner. 28 U.S.C. § 2254(b) (1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). A complete round of appellate review, however, does not include discretionary review before the Arizona Supreme Court when the prisoner was not sentenced to death. *See Crowell v. Knowles*, 483 F.Supp.2d 925 (D.Ariz.2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)); *Swoopes*, 196 F.3d at 1010 (stating that "Arizona has declared that its complete round [of appellate review] does not include discretionary review before the Arizona Supreme Court."). Therefore, when Petitioner is not sentenced to death, this requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals on either direct appeal or in a petition for post-conviction relief.

A claim is fairly presented if the petitioner described both the operative facts and the federal legal theory on which his claim is based. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir.2001). A mere reference to the Constitution of the United States does not establish fair presentation of a federal constitutional claim. *Gray v. Netherland*, 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Similarly, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not establish fair presentation of a federal constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir.2000), *amended on other grounds*, 247 F.3d 904 (9th Cir.2001); *Shimway v. Payne*, 223 F.3d 982, 987 (9th Cir.2000). Even if the basis of a federal claim is "self evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts." *Lyons*, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition to discover the federal claim. Fundamentally, "if a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir.1996).

The federal court will not consider the merits of a procedurally defaulted claim unless a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Coleman*, 501 U.S. at 750-51; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir.2004) (citations and internal quotations omitted).

1 Regarding the "miscarriage of justice," the Supreme Court has made clear that a fundamental miscarriage of justice exists when a Constitutional violation has resulted in the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96.

## IV. DISCUSSION

Petitioner has asserted five grounds for relief: (1) The trial court abused its discretion by denying Petitioner's motion for continuance; (2) The trial court improperly denied Petitioner's motion for a new trial; (3) Petitioner received ineffective assistance of counsel when trial counsel failed to request a *Dessureault* hearing to test the reliability of Arturo's in-court identification; (4) Petitioner received ineffective assistance of counsel when trial counsel failed to move for severance; and (5) Petitioner received ineffective assistance of counsel when trial counsel failed to move for a continuance. The Magistrate Judge recommended Grounds 1 and 2 be denied on the basis of procedural default and that Grounds 3, 4, 5 be denied on the merits. Petitioner filed his timely objection to the R&R which the Court will address in turn.

  1. Grounds 1 and 2

The Magistrate Judge found that Grounds 1 and 2 were presented on direct review; however, Petitioner failed to argue these grounds based on federal law and presented these allegations in support of claims arising under state law. The Magistrate Judge further found that Petitioner had not alleged cause and prejudice or actual innocence which would warrant a merit review of these claims. As such, these claims were procedurally defaulted.

Petitioner objected to the Magistrate Judge's determination, arguing that his citation to state cases analyzing federal constitutional issues overcomes any procedural hurdles. He highlights the Ninth Circuit case of *Peterson v. Lampert*, 319 F.3d 1153 (9th Cir. 2003) in which the court held that "for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue." 319 F.3d at 1158.

Upon review of Petitioner's state court documents, the Court agrees that he failed to exhaust these claims at the state court level. Here, Petitioner's direct appeal brief suffers

from the same inadequacies addressed by the Ninth Circuit in *Peterson*. Despite the fact that Petitioner was represented by counsel at the time of his direct appeal to the Court of Appeals, his brief fails to alert the state court to a violation of his constitutionally guaranteed rights. Instead, Petitioner merely presented arguments under state law and at no point did he reference the United States Constitution or a federal statute. This is not a situation in which Petitioner asserted a violation of a constitutionally guaranteed right and then offered state law cases in support of his claim. Petitioner's state court brief fits squarely within the confines of established precedent that prevents this Court from undertaking a merit review of these claims.

Petitioner also asserts in his objection that because he received ineffective assistance from his appellate counsel, he satisfies the "cause and prejudice" standard in order to excuse his procedural default. The Court does not agree. To rely on ineffective assistance of counsel to excuse a procedural default, the claim of ineffective assistance of counsel must itself have been fairly presented to the state court. *See Edwards v. Carpenter*, 529 U.S. 446, 451-54 (2000) (An allegation of ineffective assistance of counsel as cause for procedural default "is itself an independent constitutional claim" and is subject to the same exhaustion requirement as other habeas claims). Here, although Petitioner did raise claims of ineffective assistance of trial counsel in his PCR Petition, he never presented the state court with a claim that appellate counsel was ineffective. Additionally, because there is no Sixth Amendment right to effective assistance of post-conviction relief counsel, Petitioner cannot rely on an argument of ineffective assistance of post-conviction relief counsel to excuse his procedural default. *See Moorman v. Schriro*, 426 F.3d 1044, 1058 (9th Cir. 2005), *cert. denied*, 548 U.S. 927, 126 S.Ct. 2984, 165 L.Ed.2d 990 (2006).

Likewise, Petitioner has also failed to establish that failure to consider his defaulted claim will result in a fundamental miscarriage of justice. "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (quoting *Schlup* 513 U.S. at 324. "'To be credible,' a claim of actual innocence must be based on reliable evidence not

presented at trial." *Id.* at 559 (1998) (quoting *Schlup*, 513 U.S. at 324). To establish a claim of actual innocence, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition." *Calderon*, 523 U.S. at 559. The "actual innocence" exception is narrow and "claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324. Here, Petitioner has failed to present any new evidence that would allow this Court to make a determination as to his actual innocence claim. In his objection, Petitioner simply recites evidence that was considered at the trial level. This is insufficient for a showing of miscarriage of justice.

Therefore, the Court agrees with the Magistrate Judge's determination that Petitioner has procedurally defaulted Grounds 1 and 2 and will overrule Petitioner's objections as to these claims.

2.     Grounds 3, 4, and 5

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established a two-part test for evaluating ineffective assistance of counsel claims. To establish that his trial counsel was ineffective under Strickland, a petitioner must show: (1) that his trial counsel's performance was deficient; and (2) that trial counsel's deficient performance prejudiced petitioner's defense. *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir.1998) (*citing Strickland*, 466 U.S. at 688, 694).

To establish deficient performance, Petitioner must show that "counsel made errors so serious ... that counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 687–688. In considering this factor, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. The Ninth Circuit "h[as] explained that '[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation.' " *Ortiz*, 149 F.3d at 932 (*quoting Hensley v. Crist*, 67 F.3d 181, 184 (9th Cir.1995)).

To establish prejudice, Petitioner "must show that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; Under the prejudice factor, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Because failure to make the required showing of either deficient performance or prejudice defeats the claim, the court need not address both factors where one is lacking. *Id.* at 697–700.

Additionally, under the AEDPA, the federal court's review of the state court's decision is subject to another level of deference. *Bell v. Cone*, 535 U.S. 685, 689–699, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). In order to merit habeas relief, therefore, Petitioner must make the additional showing that the state court's ruling that counsel was not ineffective constituted an unreasonable application of Strickland. *See* 28 U.S.C. § 2254(d)(1); see also *Harrington v. Richter*, ––– U.S. ––––, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (Jan. 19, 2011) ("Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."); *West v. Schriro*, 2007 WL 4240859, *7 (D.Ariz. Nov.29, 2007).

Here, the Magistrate Judge agreed with the trial court's conclusions and determined that the trial court reasonably applied *Strickland* to the facts of Petitioner's case. Therefore, the Magistrate Judge recommended that Grounds 3, 4, and 5 be denied on the merits. As to Ground 3, the Magistrate Judge agreed with the state court determination that trial counsel did not render ineffective assistance of counsel by failing to request a *Dessureault* hearing to contest a witness' identification of Petititioner given that other evidence of Petitioner's identity and guilt were presented at trial. As to Ground 4, the Magistrate Judge found that the state court's adverse determination was warranted because it would have been futile for trial counsel to file a motion to sever given that his co-defendant's motion to sever was denied. As to Ground 5, the Magistrate Judge agreed with the state court determination that

trial counsel did not render ineffective assistance in moving for a continuance on the day of trial. Petitioner in his objection contests the Magistrate Judge's finding on the basis that the Magistrate Judge, like the state court, unreasonably applied the *Strickland* standard and arrived at the wrong conclusion of law.

Upon *de novo* review, and in light of the highly deferential standard of § 2254(d), the Court will adopt the Magistrate Judge's recommendation and overrule Petitioner's objections to the R&R on these claims. Here, Petitioner's objections constitute no more than a re-argument of Petitioner's case and simply disagrees with what the Court finds are correct conclusions concerning Petitioner's three claims. Habeas relief is not permitted "simply because [a federal habeas] court concludes in its independents judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Here, this Court simply cannot conclude that the state court applied the *Strickland* standard unreasonably. The state court, citing *Strickland*, analyzed each of Petitioner's ineffective assistance of counsel claims in detail and provided reasonable arguments for its determination that Petitioner's trial counsel did not render ineffective assistance of counsel.

As such, the Court concludes that Petitioner is not entitled to habeas relief on any of his claims and will deny Petitioner's Petition for Writ of Habeas Corpus.

**V.     CERTIFICATE OF APPEALABILITY**

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detentions arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. §2255 attaching a federal criminal judgment or sentence. 28 U.S.C. §2253(c)(1).

Here, the petition is brought pursuant to 28 U.S.C. §2254, and challenges detention pursuant to a State Court judgment. This court must determine, therefore, if a COA shall issue.

The standard of issuing a COA is whether the applicant has "made a substantial

showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(1). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional rights and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

This Court's decision is in part on procedural grounds and in part on the merits. As to both, the Court finds that jurists of reasons would not find the conclusions reached herein debatable. Accordingly, a COA shall not issue as to Staples' claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Consistent with the above,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 17) is accepted.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice. The Clerk shall terminate this action.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are denied.

DATED this 15th day of July, 2011.

_____
Raner C. Collins
United States District Judge

- 9 -